IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN KIMO SANTIAGO, | CIVIL NO. 16-00583 DKW-KSC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, AND AN ORDER TO QUASH SUBPOENA |
| STATE OF HAWAII; COUNTY OF HAWAII - HAWAII POLICE DEPARTMENT; JOHN DOES 1-100; JAND DOES 1-100; DOE GOVERNMENTAL AGENCIES 1-10; BRYSON MIYOSE AND KIMO VEINCENT, in their official capacities and as individual persons, | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, AND AN ORDER TO QUASH SUBPOENA

On August 21, 2017, Plaintiff Jonathan Kimo Santiago ("Plaintiff") filed a Motion for Protective Order, and an Order to Quash Subpoena ("Motion"). Defendants County of Hawaii - Hawaii Police Department, Bryson Miyose, and Kimo Veincent (collectively "Defendants") filed an Opposition on August 22, 2017. The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the reasons detailed below, the Motion is DENIED.

Plaintiff seeks a protective order and to quash subpoenas issued to 1) Melissa George, Custodian of Records, AFLAC and 2) Hawaiian Airlines. Defendants challenge the Motion

as untimely and moot, and represent that the statements contained in Plaintiff's Affidavit and Certificate of Compliance are false.

A motion to quash must be timely filed. Fed. R. Civ. P. 45(d)(3)(A). "'Timely' is not defined in the rule nor elaborated upon in the advisory committee's notes." U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 238 F. Supp. 2d 270, 278 (D.D.C. 2002). Court generally have interpreted "'timely' to mean within the time set in the subpoena for compliance." Id. (citing Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002)) (noting that in the absence of a definition of "timely" in Rule 45, "it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition"); In re Motorsports Merch. Antitrust Litig., 186 F.R.D. 344, (W.D. Va. 1999) (a motion to quash filed 36 days after corporate representatives became aware of subpoena and two months after it was due is untimely)); Anderson v. Abercrombie and Fitch Stores, Inc., No. 06cv991-WQH (BLM), 2007 WL 1994059, at *8 (S.D. Cal. Jul. 2, 2007) (finding untimely a motion to quash filed after the date specified for document production).

Inasmuch as both subpoenas had August 11, 2017 compliance dates and Plaintiff did not file this Motion until August 21, 2017, the Motion is DENIED as untimely. HT S.R.L. v. Velasco, 125 F. Supp. 3d 211, 230 (D.D.C. 2015) (finding untimely

the motion to quash, which was filed 21 days after compliance and 50 days after service); <u>Allstate Ins. Co. v. Nassiri</u>, No. 2:08-CV-369 JCM (GWF), 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (it was not clear error for the magistrate judge to find the motion to quash or modify subpoena untimely where the non-party had 3-week notice of deposition but filed motion 3 days before the deposition).

The Motion is additionally denied as moot. According to Defendants, AFLAC and Hawaiian Airlines responded on July 14, 2017, and July 12, 2017, respectively.

The Court is concerned about the allegation that Plaintiff has submitted false statements to the Court. Plaintiff is reminded that he must comply with Federal Rule of Civil Procedure 11 and his failure to do so may result in the imposition of sanctions.

In accordance with the foregoing, the Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00583 DKW-KSC; <u>SANTIAGO V. STATE OF HAWAII, ET AL.</u>; ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, AND AN ORDER TO QUASH SUBPOENA