IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN KIMO SANTIAGO,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII; COUNTY OF HAWAII - HAWAII POLICE DEPARTMENT; JOHN DOES 1-100; JANE DOES 1-100; DOE GOVERNMENTAL AGENCIES 1-10; BRYSON MIYOSE; KIMO VEINCENT,<br><br>    Defendants. | CIVIL NO. 16-00583 DKW-KSC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINES TO JOIN ADDITIONAL PARTIES AND AMEND PLEADINGS AND EXTEND DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS |

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINES
TO JOIN ADDITIONAL PARTIES AND AMEND PLEADINGS AND
EXTEND DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS

      Before the Court is Plaintiff Jonathan Kimo Santiago's ("Plaintiff") Motion to Extend Deadlines to Join Additional Parties and Amend Pleadings and Extend Deadlines for Discovery and Dispositive Motions, filed November 2, 2017.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rule of Practice for the U.S. District Court for the District of Hawaii ("Local Rules").  After considering the parties' submissions and the applicable law, the Court HEREBY DENIES Plaintiff's Motion for the reasons set forth below.

BACKGROUND

      On November 29, 2016, this Court issued a Rule 16 Scheduling Order establishing the following pertinent deadlines:

- Add parties and amend pleadings - April 28, 2017
- Dispositive motions - June 28, 2017
- Expert disclosures - May 29, 2017 (Plaintiff); June 28, 2017 (Defendants)
- Discovery - September 29, 2017
- Trial - November 27, 2017

Doc. No. 13.

On May 23, 2017, U.S. District Judge Derrick Watson approved in part a stipulation submitted by the parties and extended the dispositive motions and expert disclosure deadlines until July 28, 2017.[1]

On June 16, 2017, John Marshall appeared on behalf of Plaintiff. Mr. Marshall moved to withdraw as counsel on July 22, 2017. On August 4, 2017, the Court orally granted his motion.

On July 26, 2017, Defendants filed a motion for summary judgment. The motion is awaiting disposition.

On October 13, 2017, trial was continued from November 27, 2017 to February 12, 2018 due to a scheduling conflict. Doc. No. 108. All deadlines in the Amended Rule 16 Scheduling Order, with the exception of trial-related deadlines, were closed, having previously expired. Doc. No. 109.

The present Motion followed.

---

[1] The parties sought a lengthier extension of time.

DISCUSSION

Plaintiff requests a 90-day extension[2] of the deadlines to 1) add parties and amend pleadings; 2) file dispositive motions; 3) produce expert disclosures; and 4) conduct discovery. Plaintiff cites the following circumstances in support of his Motion: 1) Defendants Bryson Miyose and Kimo Veincent and Officer Wyatt Kaili-Leong could not be deposed prior to the expiration of the discovery deadline; 2) Plaintiff was unaware of the identities and roles of the other officers present during his November 1, 2014 assault, and Mr. Marshall never followed up on filing an amended pleading before his withdrawal; 3) Defendants have withheld critical discovery; and 4) Plaintiff was unable to address Defendants' objections to his discovery requests due to Mr. Marshall's withdrawal and Defendants' motion for summary judgment.

Federal Rule of Civil Procedure ("FRCP") 16(b)(4) authorizes the modification of a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the

---

[2] It is unclear if the 90 days run from the filing of the Motion. There is a discrepancy between this request and the specific extensions requested by Plaintiff. For example, Plaintiff asks the Court to continue the discovery deadline until January 30, 2018, while he seeks an extension of the add parties/amend pleadings deadline until November 17, 2017.

3

modification was not diligent, the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic, 302 F.3d at 1087 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609. The district court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011) (quoting Johnson, 975 F.2d at 607) (quotations omitted).

Here, Plaintiff has not satisfied FRCP 16(b)'s good cause standard; that is, he has not demonstrated that the deadlines set forth in the scheduling order could not reasonably be met despite his diligence. First, with respect to Veincent, Miyose, and Kaili-Leong's depositions, Plaintiff's efforts were deficient. He was aware of the September 29, 2017 discovery deadline since November 29, 2016. Plaintiff claims that on June

4

29, 2017, Mr. Marshall requested deposition dates and that the officers were available on August 2 and 3, 2017.  Plaintiff has not identified any efforts undertaken since then to depose the officers.  Instead, he conclusorily argues that fact discovery must be extended until January 30, 2018 to provide him with sufficient time to conduct depositions.  Mr. Marshall's single effort to schedule depositions evidences a lack of diligence.[3]

Second, Plaintiff represents that he only became aware of Officers Kaili-Leong and Cala Arnold's identities and involvement in his assault through discovery.  Defendants submit that Plaintiff was aware of Officer Kaili-Leong's role by November 28, 2016, and that all relevant police reports - including Officers Kaili-Leong and Arnold's reports - were again provided to Plaintiff in January 2017.  Plaintiff therefore had the requisite information to assert claims against Officers Kaili-Leong and Arnold well in advance of the April 28, 2017 deadline to add parties and amend the pleadings.  Plaintiff points to his pro se status as an excuse for failing to comply with the deadline, but pro se parties, like parties represented by counsel, are expected to comply with all applicable rules and deadlines.  Local Rule 83.13 ("*Pro se* litigants shall abide by

---

[3] It does not appear that Plaintiff personally endeavored to depose the officers prior to Mr. Marshall's appearance or after his withdrawal.  If the depositions are as critical as Plaintiff now claims, he had ample time to depose the officers prior to the discovery cut off.

all local, federal, and other applicable rules and/or statutes."). Pro se parties must also exercise diligence.

The mere fact that Mr. Marshall appeared on Plaintiff's behalf after the expiration of the add parties/amend pleadings deadline does not except from the diligence inquiry the time that lapsed between the discovery of Officer Kaili-Leong and Arnold's identities and Mr. Marshall's appearance, a period of at least five months. Further undermining Plaintiff's assertion of diligence is his admission that Mr. Marshall drafted an amended pleading that was submitted to defense counsel for consideration on July 4, 2017, four-and-a-half months ago. Plaintiff blames Mr. Marshall for not following through, but Mr. Marshall withdrew as counsel on August 4, 2017.

Even knowing that a proposed amended pleading existed, and that no stipulation or motion was presented to the Court, Plaintiff took no steps to amend his Complaint until November 2, 2017, over six months after the expiration of the deadline, and three months after Mr. Marshall's withdrawal. Putting aside Mr. Marshall's purported failure, Plaintiff has not explained his utter lack of effort to amend his Complaint since becoming aware of the identities of Officers Kaili-Leong and Arnold in November 2016, at earliest, or in January 2017, at latest. Because Plaintiff did not exercise diligence with respect to the add parties/amend pleadings deadline, or seek to amend the deadline

in the months that followed, good cause is lacking.[4]

Finally, Plaintiff cites Defendants' withholding of and objections to discovery as further bases to extend the discovery deadline.  Notably, Plaintiff did not file any motions to compel discovery.  Assuming that Defendants failed to respond to discovery requests and that Plaintiff was unable to obtain requested third party discovery, Plaintiff could have and should have filed appropriate motions or requested expedited discovery assistance.  Plaintiff cannot sit idly by then complain, after the expiration of the discovery deadline, that Defendants prevented him from procuring necessary discovery.  Diligence is not only measured by whether Plaintiff propounded discovery, but whether Plaintiff took additional steps to obtain the discovery he now claims to be missing.  The discovery deadline will not be extended to enable Plaintiff to do what he should have done between November 29, 2016 and September 29, 2017.

For the reasons articulated above, the Court also declines to extend the dispositive motions and expert disclosure deadlines.  Plaintiff has failed to demonstrate good cause for the extensions.  Moreover, at the parties' request, Judge Watson

---

[4] Additional considerations support a denial of this Motion.  Notwithstanding the continuance of the trial until February 12, 2018, allowing amendment of the Complaint at this late stage in the litigation would delay the proceedings and impair the Court's ability to manage its docket.  The proposed amendments would require extensions of other deadlines and a continuance of trial.

already continued in part the expert disclosure and dispositive motions deadline until July 28, 2017.  In doing so, he clearly found inappropriate any lengthier extension of those deadlines.  Given the passage of time, the pending and fully briefed motion for summary judgment, and the upcoming trial, it is reasonable to expect that he would likewise reject a further extension of those deadlines.

In sum, Plaintiff has not established good cause to amend the scheduling order pursuant to FRCP 16(b).  His request to extend the pretrial deadlines identified above is consequently DENIED.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion to Extend Deadlines to Join Additional Parties and Amend Pleadings and Extend Deadlines for Discovery and Dispositive Motions, filed November 2, 2017.  The Court accordingly VACATES the December 6, 2017 hearing.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, November 21, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00583 DKW-KSC; SANTIAGO V. STATE OF HAWAII, ET AL.; ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINES TO JOIN ADDITIONAL PARTIES AND AMEND PLEADINGS AND EXTEND DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS