IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN K. SANTIAGO, | CIVIL NO. 16-00583 DKW-KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT KIMO VEINCENT'S LOCAL RULE 54.3 MOTION FOR RELATED NON-TAXABLE COSTS |
| vs. | |
| STATE OF HAWAII; COUNTY OF HAWAII-HAWAII POLICE DEPARTMENT; JOHN DOES 1-100; JANE DOES 1-100; DOE GOVERNMENTAL AGENCIES 1-10; BRYSON MIYOSE, and KIMO VEINCENT, in their official capacities and individual person, | |
| Defendants. | |

<u>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT KIMO VEINCENT'S LOCAL RULE 54.3 MOTION FOR RELATED NON-TAXABLE COSTS</u>

Before the Court is Defendant Kimo Veincent's ("Defendant Veincent") Local Rule 54.3 Motion for Related Non-Taxable Costs ("Motion"), filed on September 27, 2018.  Defendant requests an award of $8,488.16 in non-taxable costs.

The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule

("L.R.") 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of the submissions and the record in this action, the Court FINDS AND RECOMMENDS that Defendant's Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Plaintiff Jonathan Kimo Santiago ("Plaintiff") filed this action in the Circuit Court of the Third Circuit, State of Hawaii on October 20, 2016 against Defendants County of Hawaii-Hawaii Police Department, State of Hawaii, Bryson Miyose and Kimo Veincent (collectively, "Defendants"). Defendant County of Hawaii-Hawaii Police Department filed a Notice of Removal to the United States District Court for the District of Hawaii on October 28, 2016. On December 20, 2017, Judge Derrick K. Watson issued an Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment on All Claims. This Order granted summary judgment "with respect to all claims against all Defendants, other than Santiago's Section 1983

excessive force claim as to Officer Veincent."  ECF No. 123.

Trial began on September 10, 2018 and a jury verdict in favor of Defendant Veincent was reached on September 13, 2018.  Also, on September 13, 2018, judgment was issued in favor of Defendant Veincent.  ECF No. 211.

On September 27, 2018, Defendant Veincent filed the instant Motion.  ECF No. 222.  Defendant Veincent seeks an award of $8,488.16 for non-taxable expenses pursuant to Rule 54 of the Federal Rules of Civil Procedure ("FRCP"), L.R. 54.3, and Hawaii Revised Statutes ("HRS") §607-9.  On October 10, 2018, Defendant Veincent filed a Statement of Consultation.  ECF No. 224.  Plaintiff's Opposition to the Motion was filed on October 11, 2018.  Defendant Veincent did not file a Reply Memorandum.

## DISCUSSION

Federal Rules of Civil Procedure Rule 54(d)(1) provides that costs, other than attorneys' fees, "should be allowed to the prevailing party."  The Local

Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered . . .." L.R. 54.2(b). Courts have discretion to award costs to the prevailing party. See <u>Yasui v. Maui Elec. Co.</u>, 78 F.Supp.2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999). HRS § 607-9 authorizes, the recovery of "[a]ll actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses . . . sworn to by an attorney or party and deemed reasonable by the court." <u>Id.</u> Moreover, L.R. 54.3(d)(3) mandates that, "[i]n addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible."

It is undisputed that Defendant Veincent is the prevailing party in this action. Moreover, Plaintiff

does not dispute the recovery of non-taxable costs, only the reasonableness of the requests.

The Court will assess the reasonableness of the requested costs by grouping the requests into three categories: (1) Attorneys; (2) Defendant; and (3) witnesses.

1. Attorneys Andrew D. Son and Laureen Martin

Defendant Veincent seeks a total of $4,984.49 in costs for Attorneys Andrew D. Son and Laureen Martin, this includes airfare, car rentals, lodging, and meals. These expenses have been adequately documented by Attorney Son's Affidavit and receipts. See Exhibits B and C of the Motion. Plaintiff's main argument is that the costs sought are excessive because two attorneys were not necessary for the Final Pre-trial, Motions in Limine and Trial. Plaintiff also objects to the use of a rental car instead of a taxi service. Plaintiff has not produced any authority indicating that costs are only allowable for one attorney. Therefore, the Court finds that the costs requested for Attorneys Son and Martin are reasonable.

2.  Defendant Veincent

Defendant Veincent seeks costs for his travel, lodging and expenses in the amount of $1,784.27. Plaintiff contends that he should not have to pay for Defendant Veincent to defend himself since Judge Watson found that a claim against him remained for trial. Without any authority and Defendant Veincent being the prevailing party, the Court finds the argument without merit. Thus, Defendant Veincent is entitled to the costs requested.

3.  Witness Costs

Defendant Veincent requests costs for witnesses Wyatt Kaili Leong ($513.73), Linda Leong ($315.59), Bryson Miyose ($317.11) and Cala Arnold ($258.59). Plaintiff objects to the requests for Kaili-Leong and Miyose arguing that both witnesses were only scheduled to testify on September 12, 2018, so the addition of costs for September 11, 2018 is excessive. The Court disagrees. The costs for the day before the scheduled witness testimony is not unreasonable or excessive.

Last, Defendant Veincent requests $314.38 in

6

costs for James Peterson who accompanied witness Linda Leong to Oahu for the trial.  Defendant Veincent fails to explain why it was necessary for Mr. Peterson to accompany Ms. Leong.  Without any justification, the Court declines to award these costs.

Finally, Plaintiff objects to the costs of transcripts.  The Court notes that the present Motion does not request transcript cost, however, to the extent that Plaintiff's objection relates to costs requested in Defendant Veincent's Bill of Cost[1] filed September 27, 2018, Plaintiff's objection is late.  L.R. 54.2, states, "[w]ithin seven (7) days after a Bill of costs is served, the party against whom costs are claims must file and serve any specific objections . . .".  Plaintiff's objection was filed well after the seven days, therefore any objections to Defendant Veincent's Bill of Costs is late and will not be considered by the Court.

---

[1] The Court notes that Plaintiff's opposition memo states $3,834.43 is requested in transcription costs, however the Bill of Costs filed on September 27, 2018 states the requested amount for transcripts as $4,625.00.

7

In sum, the Court recommends the following award of non-taxable costs:

| | |
|---|---|
| Attorneys Son and Martin | $4,984,49 |
| Defendant Veincent | $1,784.27 |
| Witness Kaili-Leong | $  513.73 |
| Witness Leong | $  315.59 |
| Witness Miyose | $  317.11 |
| Witness Arnold | $  258.59 |
| Total: | $8,173.78 |

## CONCLUSION

In accordance with the foregoing, the Court RECOMMENDS that Defendant Veincent's Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends that $8,173.78 in non-taxable costs be awarded to Defendant Veincent.

DATED: Honolulu, Hawaii, October 29, 2018.



Kevin S.C. Chang
United States Magistrate Judge